**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3040

_____

UNITED STATES OF AMERICA

v.

JASHAWN ANTHONY MACKALL,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 2:22-cr-00111-001)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on January 31, 2025

Before:  KRAUSE, PORTER and ROTH, Circuit Judges

(Opinion filed: July 31, 2025)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge.

Jashawn Anthony Mackall was convicted of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). He appeals the District Court's denial of his amended motion to dismiss the indictment on constitutional grounds. We will affirm.

## I.

In August 2021, Mackall took police on a high-speed chase after refusing to pull over for traffic violations. Following a successful vehicle-immobilizing maneuver by police, Mackall admitted he had a gun in the car, and he was arrested. At the time, he was on state parole in Pennsylvania for two felony convictions after he shot a person in the leg in an aggravated assault with an unlawfully possessed firearm. In April 2022, Mackall was charged with one count of being a felon in unlawful possession of a firearm and ammunition, in violation of § 922(g)(1).[1] Mackall pleaded guilty without a plea agreement. Afterwards, Mackall filed and later amended a motion to dismiss the indictment on constitutional grounds. The District Court denied his motion and sentenced him to 57 months' imprisonment followed by three years of supervised release.

## II.[2]

According to Mackall, the Constitution requires us to vacate his conviction and

---

[1] Mackall's criminal record included felony convictions in 2013 and 2016 for carrying firearms without a license, in violation of 18 Pa.C.S. § 6106(a), and a 2016 felony conviction for aggravated assault, in violation of 18 Pa.C.S. § 2702(a)(1).
[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over constitutional challenges to federal criminal statutes. *United States v. Pendleton*, 658 F.3d 299, 305 (3d Cir. 2011).

remand for the District Court to dismiss the indictment.  He first argues that § 922(g)(1) is an invalid exercise of Congress's powers under the Commerce Clause.  He then argues that § 922(g)(1) is unconstitutional under the Second Amendment both as applied to him and on its face.  He further contends that § 922(g)(1) is void for vagueness under the Fifth Amendment's Due Process Clause.  We disagree.

## A.

We begin with Mackall's argument that Congress exceeded its powers under the Commerce Clause in enacting § 922(g)(1).[3]  We have previously addressed this exact same issue and reached the exact opposite holding.[4]  Mackall does not identify any intervening Supreme Court authority that "has 'undermine[d] the rationale' of our precedent," so we cannot reevaluate that precedent "without having to resort to an en banc rehearing."[5]  Thus, our precedent prevents us from entertaining Mackall's Commerce Clause challenge.  We reject it.[6]

## B.

We next turn to Mackall's Second Amendment challenges.  Citing *New York State*

---

[3] *See* U.S. Const. art. I, § 8, cl. 3.

[4] *See United States v. Singletary*, 268 F.3d 196, 204–05 (3d Cir. 2001).

[5] *See Erie Ins. Exch. by Stephenson v. Erie Indem. Co.*, 68 F.4th 815, 819 (3d Cir. 2023) (alteration in original) (quoting *DiFiore v. CSL Behring, LLC*, 879 F.3d 71, 76 (3d Cir. 2018)).  Mackall relies heavily on *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000), but we considered those decisions in *Singletary*.  Mackall also cites *United States v. Rahimi*, but the Supreme Court "decline[d] to consider Rahimi's Commerce Clause challenge because he did not raise it below."  602 U.S. 680, 765 n.6 (2024) (Thomas, J., dissenting).  While Justice Thomas expressed "doubt that § 922(g)(8) is a proper exercise of Congress's power under the Commerce Clause," *id.*, a footnote in the dissent of an 8-to-1 decision is not precedential.

[6] *See, e.g.*, *United States v. Allen*, 618 F.3d 404, 410 n.5 (3d Cir. 2010).

*Rifle & Pistol Ass'n, Inc. v. Bruen*[7] and *United States v. Rahimi*,[8] he claims that § 922(g)(1) is unconstitutional as applied to him because there is no historical tradition of disarming "people" like him without either a hearing on his right to possess a firearm or a determination that he presents a credible threat of violence to another person. However, in *United States v. Quailes*,[9] we held that § 922(g)(1) is constitutional as applied to a convict on state parole.[10] Because Mackall was on state parole when he unlawfully possessed the firearm for which he was federally charged, § 922(g)(1) is constitutional as applied to him. As a result, his facial challenge also fails.[11] Thus, we reject Mackall's Second Amendment challenges.

## C.

Lastly, we consider Mackall's argument that § 922(g)(1) is void for vagueness under the Due Process Clause.[12] To bring a facial vagueness challenge to a criminal statute, Mackall must first show that it is vague as applied to his own circumstances.[13] He does not attempt to do so. Instead, he argues that § 922(g)(1) is unconstitutionally vague on its face because, after *Bruen*, there are people covered within its text who

---

[7] 597 U.S. 1 (2022).

[8] 602 U.S. 680 (2024).

[9] 126 F.4th 215 (3d Cir. 2025).

[10] *Id.* at 221–23.

[11] *See United States v. Moore*, 111 F.4th 266, 273 n.5 (3d Cir. 2024) (dismissing facial challenge to § 922(g)(1) where an as-applied challenge failed, because the challenger could not "establish that no set of circumstances exists under which the Act would be valid" (quoting *Rahimi*, 602 U.S. at 693)).

[12] *See* U.S. Const. amend. V.

[13] *See United States v. Harris*, --F.4th--, 2025 WL 1922605, at *9 (3d Cir. July 14, 2025) ("If a statute clearly warns an ordinary person that his own conduct is a crime, he cannot dodge liability just because it might not be clear as to someone else.").

"cannot be constitutionally disarmed consistent with the Second Amendment," and that "there is no way for an individual to know, in advance of indictment and conviction, whether he falls on one side or the other of the constitutional line."[14]  Because Mackall does not argue that the statute is vague as applied to his own conduct, his challenge fails.

## III.

For the above reasons, we will affirm the District Court's denial of Mackall's amended motion to dismiss the indictment.

---

[14] Appellant Br. at 25.